# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM MORAL LEWIS, | )<br>) |
| Movant, | )<br>) |
| v. | ) Case No. CV405-29<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | )<br>) |

## REPORT AND RECOMMENDATION

Movant has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal prison sentence. For the reasons that follow, the Court recommends that the motion be DENIED.

## I. BACKGROUND

Movant was indicted by a federal grand jury on July 10, 2003 with four codefendants. Doc. 1. The indictment was superceded on September 11, 2003. Doc. 118. Count one charged movant with conspiracy to manufacture and distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. Id. Counts four, six, and seven charged

movant with possession with intent to distribute a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Id. Count five charged movant with possession of pseudoephedrine, a List I chemical, with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1). Id.

On October 31, 2003, movant pled guilty to count six of the superseding indictment. Docs. 131, 137. The probation officer then prepared a presentence investigation report in which he determined that movant's base offense level was 32 based on his involvement with 1,386 kilograms of marijuana. The probation officer also recommended a two level U.S.S.G. § 2D1.1(b)(1) enhancement for possession of a firearm, and a three level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and (b). These determinations left movant with a total offense level of 31, criminal history category III, with an applicable sentencing range of 135 to 168 months' imprisonment. Movant did not object to the PSI before or at sentencing.

On February 19, 2004, the Court sentenced movant to 135 months' imprisonment, three years' supervised release, $1,552.75 in restitution, and

a $100 special assessment. Judgment was entered on February 20, 2004. Movant did not appeal his sentence. Thus, his conviction became final on March 5, 2004 when the ten day period for filing a notice of appeal expired. Fed. R. App. P. 4(b)1(A)(i); Fed. R. App. P. 26(a)(2).

On April 5, 2004, movant filed a motion to withdraw his guilty plea. Doc. 166. The Court construed this motion as made pursuant to 28 U.S.C. § 2255 and afforded him 30 days to supplement or withdraw. Movant withdrew the motion. On February 14, 2005, movant executed the instant § 2255 motion.

In his motion, movant raises a number of claims:

(1) counsel was ineffective because he allegedly told movant that he would receive a sentence of approximately 60 months' imprisonment; failed to assist movant in filing objections to the PSI, and misadvised him on other aspects of the case;

(2) his plea was not knowingly, intelligently and voluntarily entered into because his attorney did not explain the effect of relevant conduct on his sentence, the AUSA misadvised him as to what he needed to say during the Rule 11 hearing, and he did not understand his Sixth Amendment rights; and

(3) his sentence was improperly enhanced two levels for possession of a firearm.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687. Second, movant must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question. <u>Id.</u>

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." <u>Cross v. United States</u>, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. <u>Strickland</u>, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must

indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In his motion, movant makes four claims of ineffective assistance of counsel. First he claims that his counsel was ineffective because he advised him that he would receive a sentence of approximately 60 months' imprisonment, when he actually received a sentence of 135 months' imprisonment. Second, he asserts that his counsel was ineffective for failing to review the PSI with him and for failing to assist him with objections. Third, movant contends that his counsel misadvised him in many important aspects of his case. Lastly, movant claims that his counsel

was ineffective for failing to warn him of the consequences of his relevant conduct on his sentence. The Court will address each of these claims below.

### *Sentence Estimate*

Even assuming that counsel did in fact advise movant that he would receive a sentence of 60 months' imprisonment, the record shows that movant was at least twice advised that he could be sentenced to as much as 20 years' imprisonment. The plea agreement so provided. Doc. 137. Again, at his Rule 11 hearing, the Court explained that the maximum penalty that could be imposed was a 20-year term of imprisonment. Rule 11 Tr. at 13-15. The Court also asked movant: "Do you understand that what your lawyer has told you about the guidelines is only a guess or an estimate based on what you have told him about what you have done, and what he has been able to learn from the government?" Id. Movant replied: "Yes, sir." Id. The Court further advised movant: "The sentence that you receive may not be what your lawyer has estimated it to be because at this time neither you, your lawyer, the probation office, the Court, nor anyone else knows exactly what your guidelines will be." Movant stated that he understood that. Again, the Court advised movant: "Even though the

sentence you may receive may be more severe than you or your lawyer have anticipated, you are still bound by your plea of guilty and you may not withdraw it." Id. Movant stated that he understood and pled guilty despite this warning. Regardless of what his attorney predicted his sentence might be, movant has not shown that he was prejudiced because he was clearly informed in the plea agreement and by the Court at the Rule 11 hearing that his sentence might be higher than counsel anticipated. This claim is without merit.

### *Objections to the PSI*

Movant has also claimed that his counsel was ineffective because he did not help him make objections to the PSI. At the Rule 11 proceedings, the Court advised movant that

> [t]he United States Probation office will conduct a presentence investigation. When that investigation is complete they will file a report. A copy of the report will be available to you, Mr. Lewis, and to your counsel, and to counsel for the government. When you receive it, you should review it carefully with your lawyer. If you and your lawyer think that it contains any errors, or if you think it needs any corrections, you can call those errors or objections to the attention of [the] probation officer. If you cannot resolve those matters with the probation officer prior to sentencing, then the Court will resolve them at the time of sentencing.

Rule 11. Tr. at 23. At his sentencing hearing, movant advised the Court that he and his attorney had read and reviewed the PSI. Sent. Tr. at 4. When asked whether there were any objections to the factual accuracy of the report, or to the probation officer's application of the sentencing guidelines, movant's counsel stated that they had no objections. Id. Before sentence was imposed, the Court asked movant if he had "anything else" to be addressed. Id. at 6. Movant personally replied, "No, sir." At no time did movant voice any objection to the PSI or the sentence imposed. Id. at 4, 6, 12. Movant's declarations in open court carry a strong presumption of veracity, which is not overcome by the subsequent presentation of conclusory and contradictory allegations. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Moreover, movant has failed to identify any errors in the PSI that he would have objected to had his attorney's performance been more to his liking. He states only that his counsel "failed to assist him with P.S.I. objections," and that he did not learn "until later that [he] could object [to] some things on my PSI." Doc. 1 at p. 5. Without asserting any basis on which objections should or could have been made, petitioner has not shown

that his counsel's performance was deficient or that he was prejudiced by his counsel's failure to object. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) (holding that where § 2255 movant asserts ineffective assistance for failure to object to the PSI, but fails to suggest factual basis for such objection, movant does not establish deficient performance or prejudice). Therefore, this claim, too, must fail.

### *Misadvice*

Lastly, movant claims that his counsel was ineffective because he "mis-advised me in many other important aspects of my case." Doc. 1 at p. 5. Movant does not identify the nature of the alleged "misadvice" counsel allegedly gave him, nor does he provide factual support for this claim. Such conclusory allegations do not entitle movant to § 2255 relief. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991).

**B. Guilty Plea**

Movant claims that his guilty plea was not entered knowingly, intelligently, or voluntarily. Specifically, movant states that his attorney did not adequately warn him of that the dismissed counts would be considered as relevant conduct in the calculation of his sentence, that the

AUSA "mis-advised" him about what he needed to say during the plea hearing, and that he did not understand his Sixth Amendment rights. These claims are belied by the record.

At his Rule 11 proceeding, movant swore under oath that he could read, write, and understand the English language, and that he had completed the tenth grade. Rule 11 Tr. at 6. He further swore that he had never been treated for any mental illness, was not then under the care of a physician or psychiatrist, and that he was not on any medications. Movant stated under oath that he was not under the influence of alcoholic beverages or illegal drugs at the time the plea was entered. Id. at 7. According to his statements, movant understood where he was and the importance of the proceeding against him. Id.

The Court advised movant of his rights, and movant stated that he understood them. Id. Movant also swore that he understood that his plea of guilty meant sacrificing some of his rights. Id. at 9.

Movant stated that he had met with his lawyer about ten times, that he had gone over the case with his lawyer truthfully, and that he had ample time to meet and consult with his lawyer about the case. Id. at 11. Movant

testified that he was satisfied with his lawyer and the way he had represented movant in this case. Id.

The Court reviewed the charges against movant as well as the plea agreement. Id. at 11-12. Movant stated that he understood. Id. at 12. The Court also advised movant regarding the sentencing process, including general information about the Sentencing Guidelines and how they would be used to calculated his sentence. Id at 13-16. The Court specifically warned movant that the dismissed counts of the indictment would affect the calculation of his guidelines sentence. Id. at 13. Movant stated that he understood. Id.

Movant swore that no one had done anything wrong or unfair to him to force him to plead guilty, and that no promises had been made outside the plea agreement to induce his guilty plea. Id. at 16, 18. Movant told the Court that he wanted to plead guilty because he was in fact guilty of count six. Id. at 18-19. He further stated that he fully understood the rights and procedures he was giving up by pleading guilty. Id. at 19.

After going through the plea colloquy with movant, the Court found him to be in "full possession of his faculties," not under the influence of any

alcohol, drugs, or medications, that he understood the charges against him, the consequences of his plea, and the facts that the government had to prove. id. The Court further found that movant had the assistance of a competent lawyer, that movant was satisfied with his counsel's representation, and that counsel had discharged his duties "consistent with the standard required." Id. at 19-20. Based on these findings, the Court concluded that the plea was entered "as a matter of [movant's] own free choice," and that it was made "voluntarily with an understanding of the charges and the consequences of the plea." Id. at 20. After its review of the record, this Court reaches the same conclusion and finds that this claim is without merit.

### C. Firearm Enhancement

Lastly, movant argues that his sentence was improperly enhanced two levels for possession of a firearm. Movant contends in his motion that there is no factual basis for the enhancement – that he had never seen and was not aware of the presence of the firearm that was found by the Chatham County narcotics team.

The government construes movant's claim as relying on the Supreme Court's holdings in Blakely v. Washington, 124 S. Ct. 2531 (2004), and Booker v. United States, 125 S. Ct. 738 (2005). To the extent that movant is asserting a Booker claim, it is without merit. Movant's conviction became final on March 5, 2004, prior to the Supreme Court's decision in both cases, and neither applies retroactively to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

To the extent that movant bases his claim on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), that decision also affords no relief. Apprendi prevents enhancements that increase a sentence beyond the statutory maximum for the offense of conviction. Movant's sentence of 135 months' imprisonment did not exceed the statutory maximum of 20 years.

If movant is challenging the enhancement purely on the ground that there was no factual basis to support it, again, the claim is without merit. Movant did not object to the facts supporting the enhancement contained in the PSI, nor did he object to the enhancement itself. This claim could have been raised on direct appeal, but was not. Therefore, it is procedurally

defaulted absent a showing of cause and prejudice. <u>United States v. Frady</u>, 456 U.S. 152, 167-168 (1982); <u>Mills v. United States</u>, 36 F.3d 1052, 1055-56 (11th Cir. 1994); <u>Cross v. United States</u>, 893 F.2d 1287, 1289 (11th Cir. 1990). Movant has shown neither. Therefore, this claim is procedurally defaulted.

### III. CONCLUSION

Based on the foregoing, the Court RECOMMENDS that the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 29th day of **June, 2005.**

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
*Southern District of Georgia*

William Moral Lewis            )

vs                             )   CASE NUMBER  CV405-29

United States of America       )   DIVISION  SAVANNAH
                               )

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 6/29/05 , which is part of the official record of this case.

Date of Mailing: 6/29/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____B. West_____
Deputy Clerk

**Name and Address**

Amy Lee Copeland U.S. Attorney's Office P.O. Box 8970 Savannah, GA 31412
William Moral Lewis 11669-021 FCI Jesup 2600 Highway 301 South Jesup, GA 31599

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate